**Erick LAUER, Plaintiff,**

**v.**

**John DAHLBERG, Defendant.**

**No. 88 C 5134.**

United States District Court,
N.D. Illinois, E.D.

July 31, 1989.

Rick M. Schoenfield, Ettinger, Schoenfield & Katz, Ltd., Chicago, Ill., for plaintiff.

Elizabeth A. Brown, Judge & Knight, Ltd., Park Ridge, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, John Dahlberg, for summary judgment pursuant to Fed.R.Civ.P. 56(b). The motion is granted.

Plaintiff's one count complaint, brought pursuant to 42 U.S.C. § 1983, alleges that defendant, an officer on the Mt. Prospect police department, arrested plaintiff without probable cause in violation of plaintiff's rights under the fourth amendment. Specifically, plaintiff claims that his arrest was without probable cause because it was based upon a warrant which had been recalled the previous day, a fact the plaintiff asserts he made defendant aware of by showing defendant a copy of a warrant recall order at the time of his arrest. Plaintiff's Statement of Uncontested Facts, ¶¶ 22, 23.

Defendant moves for summary judgment on the grounds that he is entitled to qualified immunity because based upon the information in his possession he had an objectively reasonable belief that the warrant was valid.

It is undisputed that, at the time he arrested plaintiff, defendant conducted a warrant check on plaintiff through the Law Enforcement Data System ("LEADS") which indicated that there was an outstanding warrant for the plaintiff's arrest, No. 863124, issued by the Village of Glenview. Defendant's Statement of Material Facts, ¶¶ 2, 3, 4. Defendant further confirmed the active status of the warrant, over the police radio, through the Central Dispatch Center in Arlington Heights, Illinois. Defendants' Statement of Material Facts, ¶ 6. Finally, after arresting the plaintiff and transporting him to the Mt. Prospect Police Department, the defendant once again confirmed the active status of the arrest warrant with the Glenview Police Department. Defendant's Statement of Material Facts, ¶ 8. Apparently, the warrant had been recalled the previous day, but this information had yet to be disseminated.

█ Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

█ Public officials performing discretionary functions have qualified immunity in § 1983 actions if their conduct "could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). Whether qualified immunity applies is dependent upon the "objective legal reasonableness of the official's action." *Harlow v. Fitzgerald*, 457 U.S. 800, 819, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1982).

█ The court holds, as a matter of law, that defendant is entitled to qualified immunity as, based upon the information which the defendant obtained pursuant to the warrant check through LEADS and his confirmation of the active status of the warrant with the Central Dispatch Center, the defendant had an objectively reasonable belief that the warrant was valid, and

that therefore he was not violating plaintiff's rights.

 That plaintiff presented defendant with a copy of a warrant recall order, even if the document was legible, did not result in defendant having *actual knowledge* that the warrant was invalid or no longer in effect. The recall order in question was not certified by the Clerk of the Circuit Court of Cook County, Morgan Finley, and it was not unreasonable for defendant to doubt its authenticity. The warrant was facially valid. Plaintiff has failed to proffer any evidence that defendant acted other than inadvertently in executing the recalled warrant. Moreover, even if plaintiff were to allege some improper motive on behalf of defendant, the standard is *objective* reasonableness. Just as defendant, as an officer in the field, is entitled to rely upon the information he receives over the police radio, *see Whitely v. Warden*, 401 U.S. 560, 568, 91 S.Ct. 1031, 1037, 28 L.Ed.2d 306 (1971), he is also entitled to rely upon the information he receives from LEADS. *See Mitchell v. Aluisi*, 872 F.2d 577, 578–79 (4th Cir.1989) (officers did not violate due process when they executed warrant which, though facially valid, had been recalled, despite arrestee's protests that warrant had been recalled); *Howard v. Regional Transit Authority*, 667 F.Supp. 540, 548 (N.D.Ohio, 1987); *People v. Dillon*, 102 Ill.2d 522, 82 Ill.Dec. 310, 468 N.E.2d 964, 965–66 (1984). That plaintiff, in addition to claiming that the warrant had been recalled, also produced an uncertified copy of a recall order did not require defendant to investigate further than confirming the active status of the warrant over the police radio. *See Baker v. McCollan*, 443 U.S. 137, 145–46, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979) ("... we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, ..."). To hold otherwise would be to place impossible burdens upon police officers. Judgments as to the authenticity of recall orders, which like all other documents are subject to error, alteration, and forgery, are ordinarily best made in the station house or the courthouse, rather than by a police officer in the field.

Accordingly, defendant is granted summary judgment.

IT IS SO ORDERED.